FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 2 5 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01331-BNB

EDWARD DEGREAT,

    Plaintiff,

v.

GRAYSON J. ROBINSON, Sheriff of Arapahoe Dent. [sic] Facility,
GLOBA TEL-LINK PHONE COMMUNICATIONS INC.
GLOBA TEL-LINK EMPLOYEE JUSTINE HENAULT,
AURORA POLICE DETECTIVE NATHAN MEIER, and
THE STATE OF COLORADO ARAPAHOE DISTRICT ATTORNEY,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Edward DeGreat, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Limon, Colorado. Mr. DeGreat filed *pro se* a prisoner complaint pursuant to 42 U.S.C. § 1983. He asks for money damages and unspecified declaratory relief. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

    The Court must construe Mr. DeGreat's filings liberally because he is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. DeGreat will be directed to file an amended complaint.

    Mr. DeGreat asserts in three claims what he could have alleged in one, *i.e.*, that Defendant Aurora police detective Nathan Meier violated his constitutional rights to due

process, equal protection, and freedom from illegal searches and seizures by intercepting his Globa Tel-Link Phone Communications, Inc.'s, telephone records and apparently recordings of eight of his conversations. He also alleges that Defendant Justine Henault, a Globa Tel-Link employee, provided copies of the telephone records and recordings to Detective Meier. He further alleges that, on the basis of these interceptions, Defendant the Arapahoe County district attorney charged him with felonies. He fails to make any allegations against Defendant Grayson J. Robinson, Arapahoe County sheriff.

Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible. *See* D.C.COLO.LCivR 10.1E. and G. The complaint Mr. DeGreat has filed is difficult to read because it is single-spaced and written in all capital letters. The amended complaint Mr. DeGreat will be directed to file, if handwritten, shall be double-spaced and written legibly, in capital and lower-case letters.

Mr. DeGreat's complaint also fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. DeGreat to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. DeGreat fails to set forth a short and plain statement of his claims showing that he is entitled to relief. The complaint is verbose, repetitive, and vague. Mr. DeGreat fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). As a result, the Court finds that the complaint is unnecessarily wordy. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Mr. DeGreat will be directed to file an amended complaint that complies with the pleading requirements of Rule 8. It is Mr. DeGreat's responsibility to present his claims

3

in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.

In the amended complaint he will be directed to file, Mr. DeGreat must assert personal participation by each named defendant. ***See Bennett v. Passic***, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. DeGreat must name and show how the named defendants caused a deprivation of his federal rights. ***See Kentucky v. Graham***, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. ***See Butler v. City of Norman***, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. ***See Pembaur v. City of Cincinnati***, 475 U.S. 469, 479 (1986); ***McKee v. Heggy***, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that he or she causes. ***See Dodds v. Richardson***, 614 F.3d 1185, 1211 (10th Cir. 2010).

Mr. DeGreat may use fictitious names such as "John or Jane Doe" if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. DeGreat uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Mr. DeGreat, therefore, will be directed to file an amended complaint that is filed on the Court-approved complaint form, is legible to read, asserts his claims clearly and concisely, alleges what rights were violated, and provides specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations.

Accordingly, it is

ORDERED that Plaintiff, Rodney Ray DeGreat, file **within thirty days from the date of this order** an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that Mr. DeGreat shall obtain the Court-approved Prisoner Complaint form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. DeGreat fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the Court will dismiss the complaint and the action.

DATED August 25, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01331-BNB

Edward Degreat
Prisoner No. 152150
Bent County Correctional Facility
11560 Road FF75
Las Animas, CO 81054

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on August 25, 2011.

                          GREGORY C. LANGHAM, CLERK

                    By:_____
                            Deputy Clerk