IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01331-BNB

EDWARD DEGREAT,

    Plaintiff,

v.

GRAYSON J. ROBINSON (Sheriff), Arapaho[e] County Detention Center, Official Capacity,
GLOBAL TEL-LINK INC., Corporate Capacity,
JUSTINE HENALT (Global Tel-Link Employee), Individual Capacity,
AURORA POLICE DETECTIVE NATHAN MEIER, Individual/Official Capacity, and
ARAPAHO[E] COUNTY DISTRICT ATTORNEYS OFFICE, Official Capacity,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 1 5 2011

GREGORY C. LANGHAM
                        CLERK

## ORDER OF DISMISSAL

Plaintiff, Edward DeGreat, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Buena Vista, Colorado. Mr. DeGreat has filed *pro se* an amended civil rights complaint pursuant to 42 U.S.C. § 1983 challenging his 2010 criminal conviction in Arapahoe County court. He asks for money damages and injunctive relief.

Mr. DeGreat has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. ***Neitzke v. Williams***,

490 U.S. 319, 324 (1989). Under § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co*, 398 U.S. 144, 150 (1970).

Mr. DeGreat is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe Mr. DeGreat's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id*. For the reasons set forth below, the amended complaint and the action will be dismissed.

Mr. DeGreat complains that in 2008, while he was in custody on an unrelated charge, he made calls through a telephone network carrier, Global Tel-Link, Inc., contracted by the Arapahoe County Detention Center. He contends that a Global Tel-

2

Link employee, Defendant Justine Henalt, overheard his conversations, obtained his telephone records, and contacted Arapahoe County detective, Defendant Nathan Meier, who seized the records and contacted the Defendant Arapahoe County District Attorney's Office. Mr. DeGreat alleges that the information was used to convict him in 2010, and allegedly will be used in another trial in late 2011. He complains that the telephone records were seized and used illegally to convict him.

Mr. DeGreat's § 1983 claims will be dismissed because those claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See id.* at 486-87.

Although Mr. DeGreat seeks injunctive relief in addition to damages, *Heck* applies "when the concerns underlying *Heck* exist," which include "those claims that would necessarily imply the invalidity of [the] conviction." *See Lawson v. Engleman*, 67 Fed. App'x 524, 526 n.2 (10th Cir. 2003) (unpublished) (citing *Beck v. City of Muskogee Police Depot*, 195 F.3d 553, 557 (10th Cir. 1999)). "[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration") (emphasis in original). *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Because of the nature of Mr. DeGreat's allegations, his request for money damages and injunctive relief necessarily implies the invalidity of his conviction or sentence. *Lawson*, 67 Fed. Appx. at 526 n.2 (citing ***Kutzner v. Montgomery Cnty.***, 303 F.3d 339, 341 (5th Cir. 2002) (noting that claims seeking to attack the fact or duration of confinement "must be brought as habeas corpus petitions and not under § 1983"). Success on Mr. DeGreat's claims would necessarily spell speedier release or demonstrate the invalidity of his confinement or its duration. Therefore, his claims for money damages and injunctive relief cannot be pursued under § 1983. Rather, they must be pursued as habeas corpus claims pursuant to 28 U.S.C. § 2254, *see Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973), after exhaustion of state remedies, *see* § 2254(b)(1)(A); *Preiser*, 411 U.S. at 499 n.14.

The instant action will be dismissed pursuant to *Heck*. A *Heck* dismissal counts as a strike under § 1915(g). ***See Hafed v. Federal Bureau of Prisons***, 635 F.3d 1172, 1177-78 (10th Cir. 2011).

Accordingly, it is

ORDERED that the amended complaint and the action are dismissed without prejudice as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).

DATED at Denver, Colorado, this __15th__ day of __September__, 2011.

BY THE COURT:

        s/Lewis T. Babcock
        LEWIS T. BABCOCK, Senior Judge
        United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01331-BNB

Edward Degreat
Prisoner No. 152150
Bent County Correctional Facility
11560 Road FF75
Las Animas, CO 81054

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on September 15, 2011.

                                    GREGORY C. LANGHAM, CLERK

                            By: _____
                                       Deputy Clerk